UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUDITH ELLUL,

    Plaintiff,

                          CASE NO. 2:05-CV-74354
                          JUDGE ARTHUR J. TARNOW
                          MAGISTRATE JUDGE PAUL J. KOMIVES
  v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                         /

**REPORT AND RECOMMENDATION REGARDING APPLICATION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (EAJA) (Doc. Ent. 28)**

**I.    RECOMMENDATION:** The Court should grant in part plaintiff's application for attorney fees under the EAJA. Doc. Ent. 28. Plaintiff's counsel should be reimbursed in the amount of $3,698.19 ($3,537.50 for attorney fees and $160.69 for expenses).

**II.    REPORT:**

**A.    Introduction**

Plaintiff Judith Ellul filed this case on November 15, 2005, to appeal a final administrative decision denying her claim. Doc. Ent. 1 ¶ 2. On November 20, 2006, Magistrate Judge Capel entered an amended report. In part, he concluded that "Plaintiff ha[d] failed to meet the requirements for remand under sentence six of 42 U.S.C. § 405(g) relative to the additional evidence submitted to the Appeals Council." Doc. Ent. 25 at 24. On December 22, 2006, Judge Tarnow entered an order adopting Magistrate Judge Capel's report and recommendation; granting in part plaintiff's motion for summary judgment; denying defendant's motion for summary judgment; and remanding the case for proceedings consistent with Magistrate Judge

Capel's report. Doc. Ent. 26.[1] A judgment dismissing the case was entered the same day. Doc. Ent. 27.

On February 26, 2007, plaintiff filed an application for attorney fees under the Equal Access to Justice Act (EAJA). Doc. Ent. 28. The application is based upon 28 U.S.C. § 2412 ("Costs and fees"). Doc. Ent. 28 at 2 n.1. Plaintiff requests fees of $3,820.50 (28.3 hours at $135 an hour) and expenses of $160.69 ($94.00 in Westlaw research charges and $66.69 in postage & copy charges), or a total of $3,981.19. Doc. Ent. 28 at 4; Doc. Ent. 28-3;[2] Doc. Ent. 28-4; Doc. Ent. 28-5. Plaintiff requests expenses "under 28 U.S.C. § 2412(d), which allows an award for a broader category of expenses than are traditionally taxed as court costs under 28 U.S.C. § 1920." Doc. Ent. 28 at 4 n.8 (citing *Jean v. Nelson*, 863 F.2d 759 (11th Cir. 1988)).[3] Plaintiff's counsel's resume is attached to the motion. Doc. Ent. 28-6.[4]

On March 15, 2007, defendant filed a response. Doc. Ent. 30. In its entirety, the response states, "Defendant has no objection to the attorney fees requested by plaintiff's counsel, pursuant to the Equal Access to Justice Act in the above-entitled action." Doc. Ent. 30 at 1.

**B.     Analysis**

---

[1]Plaintiff claims this remand was pursuant to sentence four of 42 U.S.C. § 405(g). Doc. Ent. 28 at 2. Sentence four of 42 U.S.C. § 405(g), effective July 11, 2006, provides that "[t]he Court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

[2]Plaintiff's counsel's "Schedule of Attorney Services" covers a period ranging from September 30, 2005, to February 25, 2007. Doc. Ent. 28-3.

[3]"[W]e reject the government's argument that telephone, reasonable travel, postage, and computerized research expenses are not compensable under the EAJA." *Jean*, 863 F.2d at 778.

[4]On March 5, 2007, Judge Tarnow referred this motion to me for hearing and determination. Doc. Ent. 29. However, I conclude that my authority on a post-judgment motion for attorney fees is limited to issuing a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993).

The Court should award plaintiff's counsel's fees and expenses. However, two points warrant consideration. First, Section 2412(d)(1)(B)'s requires that "[a] party seeking an award of fees and other expenses shall, *within thirty days of final judgment* in the action, submit to the court an application for fees and other expenses[.]" Plaintiff alleges that her application is timely. Doc. Ent. 28 at 3. "'In sentence four cases, the filing period begins after the final judgment ('affirming, modifying, or reversing') is entered by the court and the appeal period has run, so that the judgment is no longer appealable[.]'" *Shalala v. Schaefer*, 509 U.S. 292, 298 (1993) (quoting *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991)). Judgment in this case was entered on December 22, 2006 (Doc. Ent. 27). Fed. R. Civ. P. 4(a)(1)(B) provides that "[w]hen the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered." Therefore, the December 22, 2006, judgment was no longer appealable on February 20, 2007, and "the thirty-day clock began to run at that time." *Townsend v. Commissioner of Social Security*, 415 F.3d 578, 581 (6th Cir. 2005). The instant application was filed six days later, on February 26, 2007 (Doc. Ent. 28), and was timely.

Second, Section 2412(d)(2)(A)(ii)'s directs that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." Plaintiff requests reimbursement for counsel at an hourly rate of $135; however, no explanation is offered to show why the Court should reimburse plaintiff's counsel at an amount in excess of the hourly rate set forth in Section 2412(d)(2)(A)(ii). Therefore, an award of fees in the amount of $3,537.50 (28.3 hours at an hourly rate of $125) should be

awarded.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES

UNITED STATES
MAGISTRATE JUDGE
Dated: 7/2/08

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on July 2, 2008.

s/Eddrey Butts
Case Manager