UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUDITH ELLUL,

        Plaintiff,

                              CASE NO. 2:05-cv-74354
                              HONORABLE ARTHUR J. TARNOW
                              MAGISTRATE JUDGE PAUL J. KOMIVES

  v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR AUTHORIZATION OF ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) (Doc. Ent. 34)[1]**

**I.**    **OPINION:**

**A.**    **Introduction**

On October 4, 2005, the attorney for plaintiff, Eva Guerra, entered into a contingency fee agreement with her client Judith Ellul by which she agreed to payment of 25% of any past due social security benefits awarded to the plaintiff. Doc. Ent. 34-4. Plaintiff Judith Ellul filed this case on November 15, 2005, to appeal a final administrative decision denying her claim. Doc. Ent. 1 ¶ 2.

---

[1]The motion filed by plaintiff's attorney has been referred to me for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). Doc. Ent. 36. However, if, upon consideration, the Court concludes that I lack jurisdiction under 28 U.S.C. § 636(b)(1)(A) to hear and determine this matter, then this opinion and order should be construed as a report and recommendation subject to de novo review. *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993).

On November 20, 2006, Magistrate Judge Capel entered an amended report. Doc. Ent. 25. He recommended that the court "grant Plaintiff's Motion for Summary Judgment in part, deny Defendant's Motion for Summary Judgment, and remand this case to the Defendant Commissioner for further proceedings consistent with this Report." Doc. Ent. 25 at 25.

On December 22, 2006, Judge Tarnow entered an order adopting Magistrate Judge Capel's report and recommendation, granting in part plaintiff's motion for summary judgment, denying defendant's motion for summary judgment, and remanding the case for proceedings consistent with Magistrate Judge Capel's report.[2] Doc. Ent. 26. A judgment dismissing the case was entered the same day. Doc. Ent. 27.

**B.      Plaintiff's motion for attorney's fees under the Equal Access to Justice Act**

On February 26, 2007, plaintiff filed an application for attorney fees under the Equal Access to Justice Act (EAJA). Doc. Ent. 28. The application was based upon 28 U.S.C. § 2412 ("Costs and Fees"). Doc. Ent. 28 at 2 n.1. Plaintiff requested fees of $3,820.50 (28.3 hours at $135 an hour) and expenses of $160.69 ($94.00 in Westlaw research charges and $66.69 in postage and copy charges), or a total of $3,981.91. Doc. Ent. 28 at 4; Doc. Ent. 28-3 ("Schedule of Attorney Services");[3] Doc. Ent. 28-4 ("Schedule of Costs & Expenses"); Doc. Ent. 28-5 ("Summary of Requests"). Plaintiff requested expenses "under 28 U.S.C. § 2412(d), which allows an award for a broader category of expenses than are traditionally taxed as court costs

---

[2]Plaintiff claims this remand was pursuant to sentence four of 42 U.S.C. § 405(g). Doc. Ent. 28 at 2. Sentence four of 42 U.S.C. § 405(g), effective July 11, 2006, provides that "[t]he Court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

[3]The dates range from September 30, 2005 to February 25, 2007.

under 28 U.S.C. § 1920." Doc. Ent. 28 at 4 n.8 (citing *Jean v. Nelson*, 863 F.2d 759 (11th Cir. 1988)).[4] Alternatively, plaintiff noted that "the EAJA also allows the recovery of traditional § 1920 court costs, regardless of whether the agency's position was substantially justified." Doc. Ent. 28 at 4 n.8 (citing *Abernathy v. Clarke*, 857 F.2d 237, 239 (4th Cir. 1988) ("the statutory allowance of costs referred to in section 2412(a) is not predicated on a finding that the government's position was not substantially justified.")). Plaintiff's counsel's resume was attached to the motion. Doc. Ent. 28-6.

On March 15, 2007, defendant filed a response. Doc. Ent. 30. In its entirety, the response states, "defendant has no objection to the attorney fees requested by plaintiff's counsel, pursuant to the Equal Access to Justice Act in the above-entitled action." Doc. Ent. 30 at 1.

On July 2, 2008, I submitted a report to Judge Tarnow which recommended that the court grant in part plaintiff's application for attorney fees under the EAJA in the amount of $3,698.19. Doc. Ent. 32. On August 8, 2008, Judge Tarnow entered an order adopting my Report and Recommendation and granting plaintiff's motion for attorney fees. Doc. Ent. 33.

**C.   Motion for attorney's fees under 42 U.S.C. § 406(b)**

From September 30, 2005, through January 8, 2009, plaintiff's attorney worked 51 hours representing the plaintiff. Doc. Ent. 34-6 ("Schedule of Attorney Services for 406(b) Fees"). On January 8, 2009, plaintiff's counsel filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b). Doc. Ent. 34. Plaintiff's attorney requests fees in the amount of $21,420.00, "which represents less than 25% of the past due Social Security Disability Benefits paid on plaintiff's

---

[4] "[W]e reject the government's argument that telephone , reasonable travel, postage, and computerized research expenses are not compensable under the EAJA." *Jean*, 863 F.2d at 778.

account." Doc. Ent. 34 at 1. Plaintiff's counsel states that her "fee request has already included the subtraction of the EAJA fee which has been paid in this case." Doc. Ent. 34 at 2. However, she also represents that "if the full amount of fees is granted to the undersigned, the smaller of the two, i.e., the EAJA fee, will be refunded to plaintiff herein[,]" and she "will refund, to plaintiff, the amount received in EAJA fees upon receipt of the 406(b) attorney fees." Doc. Ent. 34 at 3, 4.[5]

On January 22, 2009, defendant filed a response. Doc. Ent. 35. Defendant objects to the request for attorney's fees under § 406(b) in the amount of $21,420.00. Doc. Ent. 35 at 2, 6. Specifically, defendant argues that "a fee award of $21,420.00 is unreasonable, and would represent a windfall in this case and award her fees not compensable under this section of the Act." Doc. Ent. 35 at 2. Instead, defendant requests that the Court "reduce the fees sought to $7,221.81 or other amount deemed reasonable." Doc. Ent. 35 at 6.

On February 20, 2009, plaintiff's attorney filed a reply. Doc. Ent. 39. Plaintiff's attorney argues that she and the plaintiff had a fee agreement and the plaintiff does not have any objections to the fees that are to be awarded to her attorney. Doc. Ent. 39 at 2. In fact, on February 20th, plaintiff electronically mailed her counsel and stated, "I [received] a letter from [social] security about the fee. It gave me the option to dispute the fee if I wanted. Just to let you know [I] DID NOT dispute your fee. I believe you [deserve] the fee. I [received] the letter mid January." Doc. Ent. 39-2.

---

[5]On or about January 8, 2009, plaintiff's counsel wrote to plaintiff, advising that she "may send a brief statement to the Judge with any objections [plaintiff] may have to [plaintiff's counsel's] request." Allegedly, plaintiff's counsel enclosed a copy of the instant motion. Doc. Ent. 34-7.

**D.     Analysis**

**1.     Plaintiff's Motion is based upon 42 U.S.C. § 406 ("Representation of claimants before Commissioner of Social Security").**

Two subsections of Section 406 are relevant to the issues currently before the Court. Section 406(a), which governs "fees for representation before Commissioner of Social Security[,]" provides:

> Except as provided in paragraph (2)(A), whenever the Commissioner of Social Security, in any claim before the Commissioner for benefits under this subchapter, makes a determination favorable to the claimant, the Commissioner shall, if the claimant was represented by an attorney in connection with such claim, fix (in accordance with the regulations prescribed pursuant to the preceding sentence) a reasonable fee to compensate such attorney for the services performed by him in connection with such claim.

42 U.S.C. § 406(a)(1).

> Also, Section 406(b)(1)(A), which governs attorney fees, provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(I) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1).

Citing these subsections, the Sixth Circuit has stated that "attorneys are entitled to a 'reasonable fee' for work done before the administrative tribunal. For work done before the court, a claimant's attorney is entitled to a reasonable fee 'not in excess of 25 percent' of the total past-due benefits awarded by the court." *Horenstein v. Secretary of Health and Human*

5

*Services*, 35 F.3d 261, 262 (6th Cir. 1994). Ultimately, the Court held:

> [E]ach tribunal may award fees only for the work done before it. We recognize that Congress made distinct and explicit provisions for a "reasonable fee" for work done before the Secretary under section 406(a)(1) and that there is no requirement that such an award be made from past-due benefits. Likewise, we recognize that section 406(b)(1) establishes a separate standard for awarding fees for work performed in cases decided by a judge and that those fees may not be "in excess of 25 percent of the total of the past-due benefits." Thus, for services performed before the Secretary, the Secretary is free to set a reasonable fee, except as otherwise provided in the statute, see 42 U.S.C. § 406(a)(2)(A). For services performed in a federal court where the court awards benefits, the attorney fee award is limited to 25 percent of past-due benefits. Finally, in cases where the court remands the case back to the Secretary for further proceedings, the court will set the fee-limited to 25 percent of past-due benefits-for the work performed before it, and the Secretary will award whatever fee the Secretary deems reasonable for the work performed on remand and prior administrative proceedings.

*Horenstein*, 35 F.3d at 262. *See also Buchanan v. Apfel*, 249 F.3d 485 (6th Cir. 2001) ("the statute governing the award of attorney fees in Social Security cases resolved at the administrative level did not cap the amount that could be awarded at 25 percent of the past-due benefits recovered by the claimant.") (referencing *Horenstein*, 35 F.3d at 262).

**2.     Section 406 does not bar contingency agreements.**

The Supreme Court has stated that "§ 406(b)'s language does not exclude contingent-fee contracts that produce fees no higher than the 25 percent ceiling." *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002). "[N]othing in the text or history of § 406(b) reveals a 'desig[n] to prohibit or discourage attorneys and claimants from entering into contingent fee agreements.' Ibid. Given the prevalence of contingent-fee agreements between attorneys and Social Security claimants, it is unlikely that Congress, simply by prescribing 'reasonable fees,' meant to outlaw, rather than to contain, such agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002). The Court stated:

6

> . . . § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. § 406(b)(1)(A) (1994 ed., Supp. V). Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Gisbrecht*, 535 U.S. at 807 (internal footnotes omitted).

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id*. at 808 (internal citations omitted).  *See also Lewis v. Secretary of Health and Human Services*, 707 F.2d 246, 249-50 (6th Cir. 1983) and *Rodriquez v. Bowen*, 865 F.2d 739 (6th Cir. 1989).

In the end, the Supreme Court stated that "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Gisbrecht*, 535 U.S. at 808-809.

**3.      The contingency fee agreement is presumed reasonable.**

The Sixth Circuit has stated, "[i]n assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time.  The hourly rate in the next contingent fee case will be zero, unless benefits are awarded.  Contingent fees generally overcompensate in some cases and undercompensate in others.  It is the nature of the beast." *Royzer v. Secretary of Health and Human Services*, 900 F.2d 981, 982 (6th Cir. 1990).  The Court

7

emphasized that it was not "saying that it is per se improper for a district judge to reduce a contingent fee to an hourly rate and view the computed hourly rate as part of the calculus in arriving at an appropriate fee[,]" and explained that "[c]ontingent fees in social security cases are different than in other areas of the law because Congress has put the responsibility on the federal judiciary to make sure that fees charged are reasonable and do not unduly erode the claimant's benefits." *Royzer*, 900 F.2d at 982. "If the fees requested are to be reduced, . . . the reduction must be in accordance with the standards set forth in *Rodriquez*." *Royzer*, 900 F.2d at 982.

"*Rodriquez* established a rebuttable presumption that an attorney would receive the full 25% contingency fee under contract." *Hayes v. Secretary of Health and Human Services*, 923 F.2d 418, 419 (6th Cir. 1990).[6] With a past due benefits amount of $87,054.75, the contingency fee agreement at issue here would result in a $21,764 fee to plaintiff's counsel.

**4.      The contingency fee agreement does not result in a windfall.**

*Rodriquez* directs that, if the court is to reduce the amount of fees that the attorney is to receive from the contingency agreement, it should consider two factors. *Rodriguez*, 865 F.2d at 746. The first factor is whether the attorney engaged in misconduct or was ineffective as counsel. *Id*. The second factor to be considered is whether counsel would enjoy a windfall. *Id*. "Where none of these reasons applies, an agreement for a 25% fee, the maximum permitted under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), is presumed reasonable." *Hayes*, 923 F.2d at 421 (citing *Rodriquez*).

Defendants did not argue misconduct or ineffective representation on the part of the

---

[6]In *Thornburg v. Secretary of Health and Human Services*, No. 87-3802, 1989 WL 126461, *2 (6th Cir. Oct. 25, 1989) ("Rodriquez establishes a rebuttable presumption that an attorney will receive the full 25% maximum fee where a contingency fee agreement so providing exists between the attorney and the claimant.") (citing *Rodriquez*, 865 F.2d at 746).

plaintiff's counsel, nor have I found any in reviewing the case. Defendant did argue, however, that plaintiff's counsel would enjoy a windfall. Doc. Ent. 35. In *Hayes*, the Sixth Circuit cautioned:

> . . . under *Rodriquez*, a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market.

*Hayes*, 923 F.2d at 422. The fee permitted under the contract is "the contingent fee percentage multiplied times the recovery exclusive of any amounts deducted under the 'excessive delay' doctrine[.]" *Id*. at 422 n.4. "If time other than attorney time is separately recorded and submitted, this fact can be taken into account in assessing the correct 'standard' rate." *Id*. at 422 n.5.

The Court then clarified the principle of the "multiplier of two" for attorney's fees in regard to Social Security cases:

> [A] multiplier of two is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would ensure the social security attorneys would not, averaged over many cases, be compensated adequately.... A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriguez* analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of *Rodriguez*'s windfall rule for a 'minimal effort expended,' the reasonableness of the fee.

*Hayes*, 923 F.2d at 422. "In other words, a hypothetical hourly rate that is less than twice the standard rate is per se reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Id*.

I begin with determining the hypothetical hourly rate. Although she would be entitled to

$21,764 under the contingency fee agreement,[7] plaintiff's counsel seeks just $21,420 in attorney fees. Plaintiff's counsel represents that she "spent [fifty-one] 51 hours, through the present date, in representing the claimant and [her] interests at the federal level. If this were charged at the undersigned's hourly rate, (i.e., $210.00 per hour), it would total $10,710.00." Doc. Ent. 34, Doc. Ent. 34-5 (blank "Contract for Legal Services"). Therefore, the reasonable fee would be $21,420.00 when multiplying $10,710.00 by two. In other words, dividing 51 hours into $21,420 results in an hypothetical hourly rate of $420. Plaintiff's counsel's billing rate is $210. Two time $210 is $420. Therefore, assuming plaintiff's counsel's hourly rate of $210 is the standard rate, plaintiff's counsel is not seeking an amount which is in excess of the multiplier of two floor.

Plaintiff's counsel's hourly rate of $210 appears to be a "standard rate" under *Hayes*. Attorney Guerra has represented clients in a multitude of Social Security cases in this Court. *See* CM/ECF, Query. In arriving at my conclusion, I specifically rely upon two such cases cited in plaintiff's counsel's reply. First, in *Johnson v. Commissioner of Social Security*, Magistrate Judge Pepe's October 26, 2007 order granting plaintiff's motion for authorization of attorney fees pursuant to 42 U.S.C. § 406(b) notes that plaintiff's counsel's then hourly rate of $200.00 multiplied by the 55 hours would have resulted in attorney fees totaling $11,000. Furthermore, there were thirty-four (34) paralegal hours billed at an hourly rate of $95, resulting in $3,230. Total billing would have been $14,230.00, or, applying the multiplier, a reasonable fee would have been $28,460.00. In any event, approximately two years ago, plaintiff's hourly billing rate

---

[7]Twenty-five percent (25%) of $87.054.75 is $21,764. When the fifty-one (51) hours worked are divided into the $21,764 fee permitted under the contingency fee agreement, it results in a $427 hypothetical hourly rate.

10

was just $10 less than it is today. Case No. 5:04-CV-60274-MOB-WC (Doc. Ent. 32).

Second, in *Bilberry v. Barnhart*, Judge Roberts's March 5, 2004 order adopted Magistrate Judge Pepe's report and recommendation and granted plaintiff's motion. Case No. 2:01-cv-74343-VAR-TAC (Doc. Ent. 38). The report and recommendation explained that the total amount sought ($23,811.25) divided by the attorney hours (59.9) resulted in a $397.52 hourly rate. At that time, plaintiff's counsel's hourly billing rate was $180. Therefore, approximately five years ago, plaintiff's hourly billing rate was just $30 less than it is today.[8]

Defendant's January 22, 2009 response does not argue that a hypothetical hourly rate of $420 ($21,420.00 divided by 41 hours) is more than the standard rate under *Hayes*. In fact, defendant uses plaintiff's counsel's $210 hourly rate in defendant's calculation of a reasonable feel. Doc. Ent. 35 at 5.

Instead, defendant disputes plaintiff's counsel's representation that she spent 51 hours "representing the claimant and her interests 'at the federal court level[.]'" Doc. Ent. 35 at 2. Specifically, defendant takes issue with (a) eighteen (18) hours in "administrative level" work which, according to defendant, cannot be compensated under 42 U.S.C. § 406(b) (Doc. Ent. 35 at 2-3); (b) the request for reimbursement for the 5.1 hours spent on administrative tasks which, in the opinion of the defendant, are improperly billed (Doc. Ent. 34-6; Doc. Ent. 35 at 3-5); and (c) the improperly requested fees for the 1.9 hours spent preparing the § 406(b) petition for fees (Doc. Ent. 35 at 5). Defendant argues that only twenty-six (26) hours are compensable under 42 U.S.C. § 406(b). Doc. Ent. 35 at 5.

---

[8]Plaintiff's counsel "is mindful that these figures appear to be on the higher end. Nonetheless, the Court should note that one decision was authored in 2003, with the second (Johnson) authored in 2007." Doc. Ent. 39 at 4.

11

Citing *Johnson* and *Bilberry*, plaintiff's attorney replies that the defendant has "responded inconsistently with prior requests for attorney's fees of similar vein." Doc. Ent. 39 at 2-4. For example, plaintiff's counsel contends that "[i]n the ***Johnson*** case, the undersigned submitted evidence of paralegal work at the administrative level, as well as hours spent post remand, on the remanded hearing." Doc. Ent. 39 at 2.

To be sure, plaintiff's counsel points out in her reply that "[w]hile . . . services performed on remand should not have been included in the recitation of service hours, the undersigned has included those in previous requests, and has received attorney fees combining both Federal Court work and administrative work, from the Eastern District of Michigan, as in the ***Johnson*** case." Also, plaintiff's counsel claims that paralegal work performed was not submitted to the Court. It is plaintiff's counsel's position that plaintiff "agreed to the representation, and gleaned a significant retroactive benefit from the work done on her behalf[.]" Doc. Ent. 39 at 3. Plaintiff's counsel also states that "the multiplier of two is to be the 'floor,' and not the maximum that would be allowed to be paid in attorney fees." Doc. Ent. 39 at 4.

However, in *Hayes*, the Court explained, "*[i]f the calculated hourly rate is above th[e] floor*, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee. Such arguments may include, without limitation, a consideration of what proportion of the hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case. Factors such as these should inform the district court's determination of whether the attorney would 'enjoy a windfall because of . . . minimal effort expended.'" *Hayes*, 923 F.2d at 422 (quoting *Rodriquez*, 865 F.2d at 746) (emphasis added).

Here, there is no windfall. The hypothetical hourly rate of $420 ($21,420 sought/51

12

hours) is twice the standard rate ($210). This is a floor "below which a district court has no basis for questioning, under the second part of *Rodriguez*'s windfall rule for a 'minimal effort expended,' the reasonableness of the fee." *Hayes*, 923 F.2d at 422. The calculated hourly rate of $420 does not result in an amount above the multiplier of two floor.

Furthermore, in this case, the $21,420.00 sought is below the benchmark of $21,764 (25% of past due benefits). As the court noted in *Rodriquez*:

> [A]nalysis for approving attorney fees begins by 'using 25% of the past due benefits as a benchmark.... The court should then look to whether a fee agreement has been executed by the claimant and the claimant's attorney. When two parties enter into such an arms length agreement, due deference should be given to this expression of the intentions of the parties.

*Rodriguez*, 865 F.2d at 746. Plaintiff and plaintiff's counsel had a contingency fee agreement that states the attorney would receive 25% of "the accrued benefits awarded" for representing the plaintiff both in the Social Security Administration and in Federal Court. Doc. Ent. 34-4. Twenty-five (25) percent of $87,054.75 is $21,764.00. Here, plaintiff's counsel requested $21,420.00, which is slightly less than 25% of the past due benefits.[9] Accordingly, plaintiff's attorney's request for approval of fees under 42 U.S.C. § 406(b) in the amount of $21,420.00 is granted.

**5.      Plaintiff's counsel must refund her EAJA award to her client.**

In *Gisbrecht*, the Supreme Court stated:

> [T]he claimant's attorney must "refun[d] to the *claimant* the amount of the smaller fee." "Thus, an EAJA award offsets an award under § 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the ...EAJA award up to the point the claimant receives 100 percent

---

[9]The official Notice of Award dated January 1, 2008, shows that the commissioner has withheld $28,516.75, which represents nearly 33% of the plaintiff's past due benefits of $87,054.75. Doc. Ent. 34-3.

>of the past due benefits."

*Gisbrecht*, 535 U.S. at 796 (internal citations omitted) (emphasis added). *See also Jankovich v. Bowen*, 868 F.2d 867, 871 n.1 (6th Cir. 1989) ("'The bill also prohibits attorneys from collecting both EAJA fees and § 406(b) fees in the same case. In the situation of dual entitlement, the attorney must refund the amount of the smaller fee to the claimant.'") (quoting H.R.Rep. No. 120, 99th Cong. 1st Sess. 7 (1985), U.S.Code Cong. & Admin.News 132, 135-36.).

Furthermore, the Tenth Circuit has stated:

>[W]e believe that it is more appropriate for counsel to make the required refund to his client, rather than to delegate that duty to the Commissioner.

*McGraw v. Barnhart*, 450 F.3d 493, 497 n.2 (10th Cir. 2006).

Therefore, plaintiff's counsel shall receive attorney fees in the amount of $21,420.00. The attorney shall return the EAJA fees to the client in the amount of $3,698.19.

## II.    ORDER:

In accordance with the foregoing, plaintiff's application for attorney's fees under 42 U.S.C. § 406(b) (Doc. Ent. 34) is GRANTED. Plaintiff's counsel shall receive attorney fees in the amount of $21,420.00 and shall return the EAJA fees to Ms. Ellul in the amount of $3,698.19.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

|  |  |
|---|---|
|  | s/Paul J. Komives |
|  | PAUL J. KOMIVES |
| Dated: 8/18/09 | UNITED STATES MAGISTRATE JUDGE |

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record   by electronic means or U.S. Mail on August 18, 2009.
>
> s/Eddrey Butts
> Case Manager